UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:02-CV-733-R

Jeanie LONGWELL                                                    PLAINTIFF

v.

Paul PARSLEY, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' ("Parsley") Motion for Summary

Judgment (Docket #39).  The Plaintiff Jeanie Longwell ("Longwell") has responded (Docket

#46), and Parsley has replied to that response (Docket #48).  This matter is now ripe for

adjudication.  For the following reasons, the Defendants' motion for summary judgment is

**GRANTED**.

## BACKGROUND

This cases arises from an armed robbery and subsequent high speed chase on Interstate

65 ("I-65") northbound in Bullitt County, Kentucky that took place on or around December 5,

2001.  After robbing the Proffitt's Store in Elizabethtown, Kentucky with the aid of her then

boyfriend, Ray Anthony Shively ("Shively"), Longwell and Shively sped off from the store with

the police in pursuit and Longwell behind the wheel.  The police, who were represented by

multiple agencies by the time the chase reached I-65, eventually boxed in Longwell and Shively

and forced them to stop the car.  After she came to a stop, Shively began to slouch down in the

right front passenger seat.  Longwell raised her hand in the air after hearing the police officers

from the Bullitt County Sheriff's Department instructing her to raise her hands.  Longwell

noticed that the officers had their weapons drawn and fixed on her.  At some point, Longwell

reached her right hand down to put the car in "park" because at the time she had stopped only

her foot on the brake had prevented the car from moving.  Her right hand moved down quickly

and was in the process of rising, which prompted Bullitt County Sheriff's Deputy Gary Wilson

("Deputy Wilson"), who was on the driver's side of the Plaintiff's car, to fire one shot into her

right side.  This took place while the officers continually told Longwell to keep her hands raised.

The Plaintiff suffered a through and through gunshot wound to her right chest that went

through her colon and lower lateral abdominal wall.  She needed surgery to repair the injuries

she suffered, and was discharged after spending six days in the hospital.  The Plaintiff was later

convicted in Bullitt Circuit Court for Wanton Endangerment in the First Degree, and she was

sentenced to two years incarceration.  In addition, she was convicted in the Hardin Circuit Court

of Robbery in the First Degree, Fleeing/Evading the Police in the First Degree, and Persistent

Felony Offender in the First Degree.  She is currently serving a thirty (30) year sentence on these

charges and others.

In December 2002, the Plaintiff filed this suit claiming that: 1) Deputy Gary Wilson

("Deputy Wilson") used excessive force under the U.S. Constitution and Kentucky law; 2)

Bullitt County, Kentucky inadequately trained Deputy Wilson in the use of force; 3) Bullitt

County, Kentucky had inadequate policies in place to prevent the alleged harm to her by Deputy

Wilson; 4) violations of the Fourth, Fifth and Fourteenth Amendments pursuant to 42 U.S.C.

§1983; 5) negligence; and 6) vicarious liability of Bullitt County under federal and Kentucky

law.  All the claims against Deputy Wilson in his individual capacity have been dismissed.

Longwell seeks compensatory and punitive damages for the remaining claims.

**STANDARD**

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact."  *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case."  *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of the evidence.  To support his position, he must present evidence on which the trier of fact could find for the plaintiff.  *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986)).  Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment.  A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate."  *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996).  Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)."  *Gafford v. General*

*Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

After the charges against Deputy Wilson were dismissed, five claims against the Defendants remain.  The Court will address each of these claims individually.

### *Claims Against Bullitt County Sheriff Paul Parsley in his Official Capacity and the Bullitt County Sheriff's Office...*

The Plaintiff has brought claims against Paul Parsley and the Bullitt County Sheriff's Office in their official capacity.  The United States Supreme Court, in a case arising from the Sixth Circuit, has held that a suit against a state official or state entity in his/her or their official capacity is not a suit against the official or entity, but rather a suit against the official's office. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989).  As such, in this matter, the claim would be against Bullitt County, Kentucky.  Therefore, the claims against Bullitt County Sheriff Paul Parsley and the Bullitt County Sheriff's Office in their official capacity are dismissed and will be applied to Bullitt County, Kentucky.

### *Claim against Bullitt County for Violating Fourth, Fifth and Fourteenth Amendments...*

The Defendants assert that both claims made against them under the Fifth and Fourteenth Amendment should be dismissed as a matter of law.  Further, the Defendants argue that the Fourth Amendment claim against them is not viable because the Plaintiff has failed to prove a custom, policy or pattern of similar violations.  The Court will analyze each of these claims individually.

### 1. Fifth Amendment Claim

The Defendants contend that Fifth Amendment violation claims apply only to federal

agents and entities.  Parsley cites the case of *Bartkus v. Illinois*, 359 U.S. 121, 124 (1959) as its

authority, and the Plaintiff has not addressed this matter in her response.  This Court agrees with

the Defendants.  In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971), the United States Supreme Court explicitly held that the assertion of claims in

violation of the Fifth Amendment may only apply to federal agents.  Therefore, this Court holds

that the Fifth Amendment violation claim against the Defendants fail as a matter of law.

### 2. Fourteenth Amendment Claim

The Defendants further argue that the excessive force claim made against them must be

analyzed under the Fourth Amendment and not the Fourteenth Amendment.  The Defendants cite

*Graham v. Connor*, 109 S.Ct. 1865, 1868-1869 (1989) in support of their assertion.  The Plaintiff

has not challenged this assertion by the Defendants in her response, nor has she made an equal

protection claim in her complaint.  This Court agrees with the Defendants because the United

States Supreme in *Graham* held that all excessive force claims should be analyzed under the

Fourth Amendment's "objective reasonableness" standard. *Graham*, 109 S.Ct. 1868-69.

Therefore, this Court holds that the Fourteenth Amendment violation claim against the

Defendants fail as a matter of law.

### 3. Fourth Amendment Claim

The Defendants argue that the Plaintiff has not met her burden in initially proving a claim

of excessive force in violation of the Fourth Amendment.  The United States Supreme Court has

held that all claims made against law enforcement officers that they used excessive force during

the course of an arrest or seizure should be analyzed under the reasonableness standard of the

Fourth Amendment.  *Graham* at 1868-69.  To prevail, the plaintiff must show: 1) significant

injury; 2) that resulted from the use of clearly excessive force; and 3) that the force was objectively unreasonable. *Id.*; *Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989).  In emergency situations, the conduct of the government official must also "shock the conscience" in order to amount to excessive force by an officer, without taking into consideration his state of mind or intent. *County of Sacramento v. Lewis*, 523 U.S. 833, 836 (1998).  A government entity may be held accountable for the actions of their employees *only* if these actions stem from the governmental entities' own unconstitutional and illegal policies. *Monell v. Department of Social Services*. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).  The conduct of officers acting illegally in their official capacity does not automatically equate with governmental liability, as government entities cannot be sued for the acts of their employees through vicarious liability, unless such acts stem from a policy or custom of the entity. *Monell*, 436 U.S. at 690-91.  A government entity may be liable under 42 U.S.C. §1983 through: (1) actions of legislative bodies; (2) agencies exercising delegated authority that amounts to an official policy; (3) the actions of individuals with final decision-making authority; (4) policies of inadequate training or supervision; or (5) custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 473, 480, 481-484 (1986); *Monell* at 661 and 694; *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-390 (1989).

In the instant matter, the highspeed chase that led Bullitt County Deputy Wilson to shoot the Plaintiff qualifies the events as an emergency situation under *Lewis* because the deputies were forced to pursue the Plaintiff, and the deputies knew that the Plaintiff and/or her passenger was armed.  As such, the conduct of the Bullitt County Sheriff's Department must shock the conscious in order for the Plaintiff to sustain an excessive force claim.

6

The Plaintiff has not proffered any initial evidence to support her burden of proving an excessive force violation under the Fourth Amendment.   Though the Plaintiff did suffer a significant injury, thereby satisfying the first prong of the test under *Graham*, the circumstances in which the conduct of the deputies took place was not unreasonable.  The shot fired by Deputy Wilson was not lethal, and it was meant to prevent the Plaintiff from possibly injuring the deputies, and it accomplished that objective.  The Plaintiff disobeyed a lawful police order, which under the circumstances, should have been followed by Longwell.  The sudden motion downward to put the car in park could have easily been interpreted as Longwell attempting to grab a weapon because of the underlying circumstances surrounding the apprehension of the Plaintiff.  The Deputies knew that Longwell had just participated in an armed robbery and that she had fled from police on the interstate.  As such, the force used by Deputy Wilson was reasonable under the circumstances.

Additionally, the Plaintiff has also not met her *Monell* burden in linking any potential misconduct on the part of the deputies to the Bullitt County Sheriff's Department or any other county official.  Longwell has not shown any evidence of policy or custom encouraged, condoned or mandated by the Defendants that would indicate that the entity played a part in any potential constitutional violation.  In addition, Longwell has not provided sufficient evidence as to the training or leadership of the Bullitt County Sheriff's Office to sustain a claim against them under *Monell*. As such, the claims asserted against the deputies and the department cannot be linked to Bullitt County, Kentucky.  Therefore, this Court holds that the Fourth Amendment violation claim against the Defendants is not viable, and fails as a matter of law.

***Claims against Bullitt County under state law for Negligence and Assault & Battery...***

7

In her amended complaint the Plaintiff asserts two state law claims against the Defendants for negligence and assault & battery. The Court will address each of these claims individually.

## 1. Negligence Claim

In Kentucky, a negligence claim consists of: duty; a breach of that duty; and an injury to the plaintiff. *Illinois Cent. R. R. v. Vincent,* 412 S.W.2d 874, 876 (Ky. 1967). An absence of any of these elements leads to the failure of the claim. *Id.* at 876. Police officers may use such force as is necessary or reasonably appears to be necessary to take into custody the person they are seeking to arrest; they may use such force as may be necessary to make the arrest, but no more. KRS 431.025(3); *City of Lexington v. Gray*, 499 S.W.2d 72, 73 (Ky. 1973) *citing Maggard v. Commonwealth*, 22 S.W.2d 298 (Ky. 1929).

As analyzed *supra*, this Court has determined that the conduct of Deputy Wilson was reasonable under the circumstances. As such, there is an absence of an element needed to establish a claim for negligence because there was no breach of the duty of care owed to the Plaintiff by Bullitt County as Wilson acted reasonable. Therefore, the negligence claim against the Defendants fails as a matter of law.

## 2. Assault & Battery Claim

In Kentucky, in an action for assault and battery arising in the course of an arrest by law enforcement, the focus is on whether the police officer had reasonable grounds to believe and did believe in good faith that the plaintiff had committed an arrestable offense, and whether the officer used excessive force in making the arrest. *City of Lexington*, 499 S.W.2d at 75. An officer may be liable for battery if he/she lacked reasonable grounds for the arrest, or if the

officer had a reasonable basis for the arrest but used more force than was necessary in making said arrest. *Lexington-Fayette Urban County Government v. Middleton*, 555 S.W.2d 613, 619 (Ky.App.1977).

As analyzed *supra*, this Court determined that under the circumstances Deputy Wilson had acted reasonable.  Further, the deputies had reasonable grounds to believe that the Plaintiff had committed an arrestable offense because not only had the Plaintiff been identified for theft, but also she had been leading the deputies on a high speed chase.  Under those circumstances, the force used in making the arrest, for purposes of this assault and battery claim, was not more than necessary because, as analyzed *supra*, the deputies could have reasonably believed that the Plaintiff was reaching down to grab a weapon with her sudden movement downward since they knew that weapons had been used in the robbery by the Plaintiff.  Therefore, the assault and battery claim against the Defendants fails as a matter of law.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is **GRANTED**.

An appropriate order shall issue.